IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KATHLEEN SHELBY,

*Plaintiff*,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

*Defendant*.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Kathleen Shelby ("Ms. Shelby"), by and through her counsel of record, McDermott Law, LLC, for her Complaint against Life Insurance Company of North America ("LINA") states, alleges, and avers as follows:

### I.   JURISDICTION, VENUE, PARTIES

1. Plaintiff, Kathleen Shelby, (hereinafter referred to as "Plaintiff" or "Ms. Shelby"), at all times pertinent hereto, is and was a resident of the State of Colorado.

2. Ms. Shelby was employed by University of Colorado Hospital Authority as a Registered Respiratory Therapist from 2008 through 2015.

3. As an employee of University of Colorado Hospital Authority, Ms. Shelby was a participant in the University of Colorado Hospital Authority Benefit Plan (the "Plan").

4. The Plan constitutes an employee benefit providing, among other benefits, short-term disability ("STD") and long-term disability ("LTD") insurance benefits to participants, including Ms. Shelby.

5. The Plan is considered "governmental plan" as that term is defined in 29 U.S.C. § 1002(32).

6. The Plan is exempt from the Employee Retirement Income Security Act ("ERISA") under 29 U.S.C. § 1003 (b)(1).

7. Upon information and belief, Defendant Life Insurance Company of North America (hereinafter "LINA") is a Pennsylvania foreign corporation.

8. Upon information and belief, LINA is registered with the Colorado Division of Insurance and conducts the business of insurance in the State of Colorado.

9. LINA is a subsidiary company of CIGNA Corporation.

10. As part of the Plan, LINA issued a Short Term Disability Income Plan ("STD Policy"), Group Policy Number SHD985303, and Group Long Term Disability Insurance ("LTD Policy"), Group Policy Number FLK-980192, to University of Colorado Hospital Authority and for the benefit of its employees, including Plaintiff. (True and correct copies of the Policies are attached hereto and incorporated herein as Exhibits 1 and 2).

11. The Policies were issued to Ms. Shelby, who was an eligible Plan participant, in the State of Colorado.

12. The Policies were paid for in the State of Colorado.

13. Upon information and belief, LINA is the designated claim administrator for the Plan.

14. Upon information and belief, LINA makes all determinations regarding claimants' eligibility for STD and LTD benefits under the Policies.

15. LINA, as the insurer and underwriter of the Policies, must pay benefits to a Plan participant consistent with the terms of the Policies.

16. If a Plan participant, such as Ms. Shelby, is entitled to LTD benefits under the Policy, LINA must pay from its own funds all benefits owed to the Plan participant.

17. LINA, as the insurer, owes Plan participants, such as Ms. Shelby, the duties of good faith and fair dealing when handling their claims for benefits under the Policies.

18. LINA, as a disability insurer, owes Plan participants, such as Ms. Shelby, a fiduciary duty when handling their claims for benefits under the Policies.

19. LINA's breach of the Policies and duties owed to Ms. Shelby occurred in the State of Colorado.

20. The tortious conduct alleged in this action occurred in Colorado.

21. The injuries Ms. Shelby suffered as a result of LINA's breach and tortious conduct occurred in the State of Colorado.

22. The amount of controversy exceeds the sum or value of $75,000 and is between Plaintiff, who is a resident of the state of Colorado, and Defendant, who is incorporated under the laws of Pennsylvania and maintains a principal place of business there.

23. The Court has diversity jurisdiction under 28 U.S.C. § 1332 (a)(1).

24. The Court has subject matter jurisdiction over the action under 28 U.S.C. 1332 and 28 U.S.C. §§ 1332(e) & (f).

25. This Court has personal jurisdiction over Defendant Life Insurance Company of North America ("LINA").

26. As a substantial part of the events or omissions giving rise to the claim occurred in the state of Colorado, Venue is proper in pursuant 28 U.S.C. § 1391(b)(2).

## II.   GENERAL ALLEGATIONS

### A.   THE INSURANCE POLICY AT ISSUE

27. Under the Policies, LINA promised to pay STD and LTD benefits to any participant, including Ms. Shelby, so long as that participant satisfied the Policies' definitions of "disability."

28. The STD Policy defined "Disability" as follows:

The Employee is considered Disabled if, solely because of covered Injury or Sickness, he or she is:

1. unable to perform all of the material duties of his or her Regular Occupation, and

2. unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.

29. The LTD Policy defined "Disability" as follows:

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1. unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; and

2. unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.

After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience, and

2. unable to earn 80% or more of his or her Indexed Earnings.

### B.   MS. SHELBY'S DISABLING CONDITIONS

30. In approximately March of 2010, Ms. Shelby began suffering from severe pain and fatigue.

31. She was evaluated by Matthew Young, M.D. and was diagnosed with Fibromyalgia.

4

32. As a result of the Fibromyalgia, Ms. Shelby suffers chronic diffuse pain with positive trigger points, fatigue, dizziness and concentration and memory impairment.

33. In addition to the Fibromyalgia, Ms. Shelby has a history of migraines, obstructive sleep apnea, and hypothyroidism which contribute to her inability to perform the duties of her own or any other occupation.

**C.   MS. SHELBY'S CLAIMS FOR STD AND LTD BENEFITS**

34. After it became clear that Ms. Shelby could no longer perform the material duties of her own occupation of a Registered Respiratory Therapist, she ceased work on November 6, 2015.

35. After ceasing work, Ms. Shelby submitted a claim for STD benefits under the Plan.

36. Despite overwhelming evidence supporting her claim for disability benefits, LINA denied her STD claim by letter dated December 15, 2015.

37. Following the STD denial, Ms. Shelby submitted her claim for LTD benefits.

38. Ms. Shelby submitted an appeal of LINA's STD denial on May 27, 2016.

39. By letter dated May 16, 2016, LINA denied her claim for LTD benefits.

40. On July 1, 2016, LINA upheld its prior decision to deny Ms. Shelby's STD claim.

41. Ms. Shelby submitted an appeal of LINA's LTD denial.

42. LINA informed Ms. Shelby by telephone that the original decision to deny LTD benefits was upheld on appeal.

**D.   REQUESTS FOR CLAIM RELATED DOCUMENTS**

43. The "Appeal Procedure for Denied Claims" found in the STD Policy states, "During the review, you (or your duly authorized representative) have the right to review any documents that have a bearing on the claim, including the documents which establish and control the Plan."

44. The May 16, 2016 LTD denial letter stated, "Please be aware that you may receive, upon request and free of charge, information relevant to your claim for benefits."

45. Between the time period of September 2, 2016 and June 12, 2017, Ms. Shelby contacted LINA, either in writing or by telephone, eighteen (18) separate times, requesting complete copies of her STD and LTD claim files.

46. LINA provided Ms. Shelby with what it purported to be the entire STD claim file on March 16, 2017; however, the file provided to her was incomplete.

47. Despite her requests, Ms. Shelby never received a copy of LINA's adverse appeal decision.

48. Despite her repeated attempts, Ms. Shelby was never provided with a copy of the LTD claim file.

E. **LINA'S ADVERSE BENEFIT DETERMINATIONS WERE UNSUPPORTED**

49. In denying Ms. Shelby's STD and LTD benefits, LINA ignored all documentation and information it had available to it from Plaintiff, her treating medical providers, and others demonstrating that she is incapable of performing with reasonable continuity the material duties of her occupation.

50. From November of 2015 through present, Plaintiff has been and remains disabled as defined in the Policies.

51. At all times pertinent hereto, LINA was and continues to be liable for paying Ms. Shelby's STD and LTD benefits under the Policies.

52. LINA's denial of Ms. Shelby's STD and LTD benefits was contrary to the evidence of record and is unreasonable, incorrect, improper, and unsupported by the evidence.

53. LINA's acts and omissions have compelled Ms. Shelby to institute litigation to recover benefits owed to her under the Policy.

54. LINA's acts and omissions are and were designed to discourage Ms. Shelby from asserting her rights and asserting her claims with regard to STD and LTD benefits.

6

55. LINA knew, or should have known, that its acts and omissions were unreasonable, or it recklessly disregarded the fact that they were unreasonable.

56. As a direct and proximate result of the LINA's conduct, Ms. Shelby has suffered damages including, without limitation, loss of contract benefits, inconvenience, frustration, emotional distress, embarrassment, and financial harm.

### III.    FIRST CLAIM FOR RELIEF
### (Breach of Contract)

57. Plaintiff realleges each and every allegation of above and below as if fully set forth herein.

58. The Policies issued by LINA constitutes a contract of insurance.

59. Plaintiff has been entitled to receive STD and LTD benefits under the Policies from the date of denial through now and into the foreseeable future.

60. Plaintiff is entitled to payment of past-due STD and LTD benefits under the Plan and the Policies.

61. Through the acts and omissions described herein, as well as those yet to be uncovered through discovery, Defendant breached the contract of insurance.

62. Defendant's breach of the insurance contract has cause Plaintiff to suffer injuries, damages, and losses in amounts to be proven at trial.

### IV.    SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

63. Plaintiff realleges each and every allegation of above and below as if fully set forth herein.

64. Defendant owed duties to Plaintiff as a fiduciary.

65. Defendant owed duties to Plaintiff under the Policies' implied covenant of good faith and fair dealing, wherein Defendant covenanted that it would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights to receive the benefits of the insurance contract.

66. Defendant breached its fiduciary duties and its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

  a. Disregarding the Plaintiff's rights or having a reckless disregard that its conduct was unreasonable;

  b. Failing to pay Plaintiff's claim for short term and long term disability benefits under the Policies;

  c. Ignoring the opinions of Plaintiff's treating physicians regarding the nature of her disability;

  d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

  e. Placing its interests in not paying benefits ahead of Ms. Shelby's interest in receiving benefits owed under the Policies;

  f. Failing to properly investigate Ms. Shelby's claims for benefits;

  g. Denying Ms. Shelby's benefits without a reasonable basis for doing so;

  h. Selectively considering only those records and documents that supported its decision to terminate benefits;

  i. Failing to provide claim related documents to Plaintiff upon request as required by the Policies; and

  j. Other conduct to be revealed during discovery.

67. Defendant knew its acts and omissions were unreasonable, or it recklessly disregarded the reasonableness of its acts and omissions.

68. As a proximate result of Defendant's actions, Plaintiff has suffered damages and losses in an amount to be proved at trial, including, but not limited to:

  a. The contract benefits;

      b.    Being forced to incur additional attorneys' fees and costs in litigation;

      c.    Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant;

      d.    The adverse effect on her financial well-being from the denial of benefits; and

      e.    Other losses and damages alleged elsewhere herein.

69. As a proximate result of the Defendant's actions and conduct, Plaintiff sustained economic losses, including without limitation the loss of the contract benefit.

70. As a proximate result of the Defendant's actions and conduct, Plaintiff sustained compensable non-economic injuries, including without limitation, inconvenience, emotional stress, impairment of the quality of life, mental suffering, anguish, anxiety, annoyance, humiliation, and loss of the enjoyment of life, in amounts to be proved at trial.

## V.    THIRD CLAIM FOR RELIEF
**(Violation of C.R.S. § 10-3-1115 and Relief under C.R.S. § 10-3-1116)**

71. Plaintiff realleges each and every allegation of above and below as if fully set forth herein.

72. Plaintiff is a "first-party claimant" as that term is defined under C.R.S. § 10-3-1115.

73. Through the acts and omissions alleged herein, and others likely to be uncovered during discovery, LINA unreasonably denied Ms. Shelby's claim for STD and LTD benefits within the meaning of C.R.S. § 10-3-1115.

74. Under C.R.S. § 10-3-1116(1), Ms. Shelby may bring an action in a district court to recover reasonable attorneys' fees, court costs, and two times the covered benefit.

75. Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to recover her attorney's fees, costs, and two times the contract benefit.

9

## VI.   FOURTH CLAIM FOR RELIEF
(**Violation of the Colorado Consumer Protection Act**)

76. Plaintiff re-alleges each and every allegation of above and below as if fully set forth herein.

77. LINA's bad faith conduct described above and below constitutes an unfair or deceptive trade practice prohibited by the Colorado Consumer Protection Act.

78. The deceptive trade practices occurred in the course of LINA's business.

79. LINA has engaged in a pattern and practice of adjusting claims for disability benefits in a manner that unreasonable, constitutes a violation of the duty of good faith and fair dealing and in direct violation of the Unfair Claims Settlement Practices Act.  This pattern and practice includes:

   a. failing to provide requested disability insurance claim files in a reasonable time and manner;

   b. denying claims without any reasonable basis for doing so;

   c. refusing to reasonably consider non-exertional limitations in the administration of long term disability claims;

   d. establishing informal quotas as to certain classes of appeal specialists on the number of internal appeals which can be granted in a particular month and/or quarterly basis; and

   e. Other conduct to be revealed during discovery.

80. In issuing the Policy, LINA misrepresented the terms under which benefits would be payable both to the Arapahoe County and to Plaintiff.

81. As a result, Plaintiff is entitled to recover statutory penalties in the amount of three times her damages in this action and her reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Kathleen Shelby asks that judgment be entered in her favor and against the Defendant as follows:

1. For the declaratory relief requested herein;

10

2. For compensatory economic, noneconomic, and special damages in amounts to be proven at trial;

3. For interest (statutory and moratory) as provided by law;

4. For two times the benefit amount, pursuant to C.R.S. §10-3-1116;

5. For treble damages, fees and costs as permitted under the Colorado Consumer Protection Act;

6. For attorneys' fees and other costs of suit, including expert witness fees; and

7. For such other and further relief as the Court deems just and proper.

## Plaintiff Demands a Trial By Jury

DATED this 29th day of June 2017.

          McDERMOTT LAW, LLC

          *s/ Mary Susan Kern*
          _____
          Mary Susan Kern, #50730
          Shawn E. McDermott, #21965
          2300 15th Street, Suite 200
          Denver, CO 80202
          (303) 964-1800
          (303) 964-1900
          *marysue@mcdermottlaw.net*
          *shawn@mcdermottlaw.net*
          **Attorneys for Plaintiff**

<u>Plaintiff's Address</u>:
540 Lovell Gulch Road
Woodland Park, CO 80863